IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JON HUMBLEISD-PC DOE, | § |
| Plaintiff, | § |
| VS. | § CIVIL ACTION NO. 4:18-CV-4281 |
| HUMBLE ISD, | § |
| Defendant. | § |

## ORDER

Before the Court is Defendant Humble Independent School District's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 11). Plaintiff Jon Doe has not responded, and the time in which to do so has passed. Having considered the motion, complaint, and applicable law, the Court hereby GRANTS Defendant's Motion to Dismiss.

**I.     Background**

Plaintiff Jon Humble ISD-PC Doe (hereinafter "Plaintiff" or "Jon Doe") was a seventh grader at Timberwood Middle School in the Humble Independent School District ("Humble ISD"). (Doc. No. 9 at 3). According to Plaintiff's First Amended Complaint, on February 16, 2018, Plaintiff was allegedly bullied and assaulted by another student during their physical education class. (*Id.* at 4). Plaintiff claims that none of the educators at the school intervened in the assault and that, rather than being treated as the victim, Plaintiff was subsequently questioned about his role in instigating the assault. (*Id.*). The administration at Timberwood ultimately determined that Plaintiff had made a terroristic threat. (*Id.* at 4–5). Defendant alleges that this threat involved a statement about gun violence. (Doc. No. 11 at 1).

A few days later, Humble ISD held an evidentiary hearing to determine the consequences of Jon Doe's actions. During the hearing, Humble ISD determined that the evidence was sufficient to warrant sending Jon Doe to an alternative campus for a period of around three months. (Doc. No. 9 at 6). Plaintiff and his parents pursued "every available remedy" to "clear Jon's name" and prevent the disciplinary action from going into effect or tainting his record. (Doc. No. 9 at 6). Plaintiff states that Humble ISD offered no right to appeal the decision. (*Id.* at 7). Upon completion of his time at the alternative campus, Humble ISD issued a "clearance letter," which stated that Jon Doe was allowed to return to his campus as a "student in good standing should he wish to do so." (*Id.* at 8). Plaintiff instead transferred to a different school district. (*Id.*).

The alleged terroristic threat also resulted in criminal charges against the Plaintiff. (*Id.* at 8). Plaintiff requested that the school district, in light of the "clearance letter," abstain from testifying against him in the juvenile criminal proceedings. (*Id.* at 9). According to Plaintiff, Humble ISD continues to participate in the juvenile proceedings and certain employees have testified against Jon Doe. (*Id.*).

Plaintiff also claims that on February 16, 2018 at another Humble ISD school, an unrelated terroristic threat was made. (*Id.* at 9). Plaintiff provides no other detail or explanation as to why or how this is related to the case at hand, but states that "policies, procedures, and protocols of Defendant Humble-ISD" were not followed as a part of a "cover up." (*Id.* at 9–10).

Plaintiff filed this suit, alleging that Humble ISD has violated his rights under Title IX (20 U.S.C. § 1681), Section 1983 (42 U.S.C. § 1983), and the Texas Constitution. (Doc. No. 9 at 3). Jon Doe's allegations relating to the Texas Constitution include violations of procedural due process, substantive due process, and equal protection requirements. (*Id.* at 18). Plaintiff seeks only actual, consequential, and exemplary damages (and does not seek injunctive relief). (Doc.

No. 9 at 20). Defendant filed the pending motion, seeking to dismiss under FED. R. CIV. P. 12(b)(1) and 12(b)(6).

## II. Legal Standards

A court must dismiss a suit for lack of subject matter jurisdiction under Rule 12(b)(1) where it lacks the statutory or constitutional power to adjudicate the case. FED. R. CIV. P. 12(b)(1); *see also Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Where "a defendant makes a 'factual attack' upon the court's subject matter jurisdiction over the lawsuit [and] the defendant submits affidavits, testimony, or other evidentiary materials," the plaintiff is also "required to submit facts through some evidentiary method." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) (delineating the difference between a "facial attack" and a "factual attack" to subject matter jurisdiction in a motion to dismiss). In a "factual attack," the plaintiff also has the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.* The party asserting jurisdiction bears the burden of overcoming the presumption that the cause falls outside the court's limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A defendant may also file a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* The court may also consider documents that a defendant attaches to a motion to dismiss, if the documents are "referred to in the plaintiff's complaint and are central to [the] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 500 (5th Cir. 2000); *see also Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 926 (N.D. Tex. 2014).

### III. Analysis

#### A. State Law Claims

Humble ISD argues that it is immune from suit and that Jon Doe has not pleaded facts indicating that Humble ISD has waived its governmental immunity. Humble ISD contends it has governmental immunity from Plaintiff's state law claims. Governmental immunity protects the state and "political subdivisions of the State, including counties, cities, and school districts" from state law claims unless such immunity is expressly waived by the legislature. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). "It is well settled that, under the doctrine of state sovereign immunity, Texas school districts may not be held liable for money damages

stemming from tort claims absent an express legislative waiver of sovereign immunity." *Meyers v. LA Porte Indep. School Dist.*, No. Civ.A. H-05-1087, 2007 WL 7119878, at *3 (S.D. Tex. April 25, 2007) (citing *Dallas County Mental Health & Mental Reta. Auth. v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998)). Plaintiff has failed to allege facts indicating that Humble ISD has waived its immunity or that the Texas legislature has waived immunity on the school district's behalf. Since there are no facts indicating that Humble ISD has waived its immunity, this Court must conclude that Humble ISD retains immunity from Plaintiff's state law claims. Accordingly, Humble ISD's 12(b)(1) motion to dismiss is granted as to Jon Doe's state law claims.

### B. Federal Law Claims

Jon Doe also brings federal law claims for Title IX violations and violations of his right to procedural due process, substantive due process, and equal protection through Section 1983. Unlike Jon Doe's state law claims, governmental immunity does not apply to federal claims brought in federal court. *See Alden v. Maine*, 527 U.S. 706, 756 (1999); *see also Guillory v. Port of Hous. Auth.*, 845 S.W.2d 812, 815 (Tex. 1993) (addressing the distinction between sovereign immunity in federal courts pursuant to the Eleventh Amendment of the U.S. Constitution and governmental immunity in state courts); *Springboards to Edu. V. Houston Ind. School Dist.*, H-16-2625, 2017 WL 7201938, at *3 (S.D. Tex. Sept. 20, 2017).

As such, the Court will now turn its analysis to Humble ISD's motion to dismiss under 12(b)(6).[1] Humble ISD argues that Jon Doe has failed to plead facts supporting either his Title IX claim or his Section 1983 claim.

---

[1] Humble ISD is also not entitled to sovereign immunity because sovereign immunity only protects the state, and consequently "arms of the state," from liability for federal claims in federal court. *Alden*, 527 U.S. at 756. Humble ISD is not a state nor an arm of a state entitled to sovereign immunity for federal claims in federal court. *Lopez v. Hous. Indep. Sch. Dist.*, 817 F.2d 351, 353 (5th Cir. 1987), overruled on other grounds by, *Walton v. Alexander*, 44 F.3d 1297 (5th Cir. 1995); *see also Chapman v. Dall. Cty. Cmty. Coll. Dist.*, No. 3:05-cv-1809, 2006 WL 3442057, at *3 (N.D. Tex. Nov. 29, 2006) (recognizing independent school districts are not protected by the Eleventh Amendment (citing *Lopez*, 817 F.2d at 353)).

Jon Doe states that Humble ISD's violations of his rights under Title IX were "so severe, pervasive, and objectively offensive" that Jon was effectively "deprived access to education." (Doc. No. 9 at 14). Unfortunately, Jon Doe's description of these alleged violations are merely conclusory and at best, ambiguous. (Doc. No. 9 at 15) ("Defendant Humble-ISD's policies and practices regarding the placement of students to its School Jail are in violation of Title IX. Defendant Humble-ISD's Violation of Jon's rights constitute disparate treatment of males (including Plaintiff Jon) and has had a disparate impact on male students (including Plaintiff Jon), in violation of Title IX."); *see also Ashcroft*, 556 U.S. at 663. Title IX provides: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance. . . ." 20 U.S.C. § 1681(a). The Supreme Court has construed Title IX to provide a private right of action for individuals to sue educational institutions that receive federal funds. *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 65 (1992).

To state a *prima facie* case for disparate treatment in the form of disparate discipline, a student who is a member of a protected class must show that other students not in the protected class were "treated differently under circumstances 'nearly identical' to [the student's]." *Herndon v. College of Mainland*, No. G-06-0286, 2009 WL 367500, at *29 (S.D. Tex. Feb. 13, 2009) (quoting *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1090 (5th Cir. 1995)). Plaintiff has not alleged facts indicating that he was in a protected class, nor that he was "treated differently" than another in a "nearly identical" situation. *Id.* In his complaint, Plaintiff states that, "Defendant Humble-ISD's reassignment of students to the [alternative campus] and the length of time sentenced to the [alternative campus] are disproportionately high for male students." (Doc. No. 9 at 10). These assertions are merely conclusory and fail to state plausible a claim for relief.

As for Jon Doe's Section 1983 claim, Humble ISD argues that Jon Doe has not stated a viable claim. To state a claim under Section 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting "under color of state law." *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

In his complaint, Jon Doe states that his rights were violated when he was transferred to an alternative school and exposed to "verbal abuse and physical threats." (Doc. No. 9 at 10). The Fifth Circuit has held that where a student is transferred to an alternative education program pursuant to Texas statute, no federally protected property or liberty interest is involved because the student was not being denied access to public education. *See Nevares v. San Marcos Consol. Ind. School Dist.*, 111 F.3d 25, 27 (5th Cir. 1997). Additionally, there is no right to be free from "verbal abuse and physical threats," especially from other students in a school. As such, Jon Doe has failed to plead facts sufficient to state a claim to relief that is plausible on its face.

Moreover, it is well established that a municipality cannot be held vicariously liable for the actions of its employees. *See, e.g., Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992) ("A municipality, of course, can act only through its human agents, but it is not vicariously liable under § 1983."). Section 1983 liability can be imposed only when the governmental entity has officially adopted an unconstitutional policy or acquiesced in an unconstitutional custom. *See Monell v. New York Dept. of Social Service*, 436 U.S. 658, 690–91 (1978). Jon Doe has pleaded no facts indicating that Humble ISD (or any of its employees) acted in accordance with an unconstitutional policy or custom.

Under Texas law, the final policymaking authority for a school district is the district's board of trustees. *See* TEX. EDUC. CODE §§ 11.051, 11.151; *Gonzalez v. Ysleta Indep. Sch. Dist.*,

996 F.2d 739, 752 (5th Cir. 1993). Thus, to survive a motion to dismiss, Jon Doe must plead facts indicating that the Humble ISD's Board of Trustees actually adopted an unconstitutional policy or acquiesced in an unconstitutional custom or policy of treating male students disparately. Again, Jon Doe's pleadings are inadequate.

### IV. Conclusion

For the foregoing reasons, Humble ISD's Motion to Dismiss is GRANTED. Jon Doe's claims are hereby dismissed with prejudice.

Signed at Houston, Texas, this 22 day of July, 2019.

Andrew S. Hanen
United States District Judge